Sullivan, J.
This is an action of tort for personal injuries alleged to have been received by the plaintiff while a passenger in the automobile owned and operated by his wife, because of the negligent operation of the automobile owned and operated by the defendant.
It is the contention of the defendant that there is no liability on his part because the plaintiff has not proven that he received á physical injury, a “structural” injury, either external or internal together with some movement, blow or jar or for disturbance resulting from such injury.
*361 The question of the plaintiff’s due care or the defendant’s negligence is not in issue.
' There was evidence that previous to the accident the plaintiff had suffered from headaches. As a result of the collision the court found that the slight shock which the plaintiff received from the shaking up somewhat aggravated his pre-existing condition for which he is entitled to damage.
The following request of the defendant was denied, i. e. “#1 The evidence does not warrant a finding that the plaintiff received injuries in this accident for which he is entitled to recover in this action.”
The defendant’s other requests were waived. The report is alleged to contain all the evidence material to the issues involved.
In support of the defendant’s contention that there can be no recovery by the plaintiff he cites the case of Spade v. Lynn and Boston Railroad, 168 Mass. 285, where the rule is laid down on page 290 which is quoted by Dolan, J. in the case of Freedman vs. Eastern Massachusetts Street Railway Co., Mass. Adv. Sh. (1938) 85, 86, in which the court said: “We remain satisfied with the rule that there can be no recovery for fright, terror, alarm, anxiety or distress of mind, if these are unaccompanied by some physical injury; and if this rule is to stand, we think it should also be held that there can be no recovery for such physical injuries as may be caused solely by such mental disturbance, where there is no injury to the person from without.” In commenting on this rule, Dolan, J. stated that “That principle has to do with the. internal results of the operation of such disturbances as are described in the rule, where the injury is not directly caused by the defendant’s negligence, but is caused solely by the effect of those disturbances upon the mind and body of the plaintiff.”
*362 A physical injury “from, without” for which recovery may be had is not one solely the result of fright, terror, alarm, anxiety, or distress of mind.
Freedman v. Eastern Massachusetts Street Railway Co., supra, @ page 87.
The court has found that because of the collision of the automobiles, due to the negligent operation of the defendant’s car traveling at an unreasonable rate of speed, resulted in the plaintiff being shaken up, which aggravated his pre-existing condition and that he suffered damage thereby. While there is no evidence that the plaintiff suffered from a blow or jar it is not necessary as matter of law that a blow or impact must be shown to prove a physical injury from without. Freedman vs. Eastern Massachusetts St. Ry. Co., supra, @ page 88.
“The phrase ‘from without’ as used in our cases excludes purely psychological or emotional consequences when they stand alone, but includes all physical injury not resulting solely from mental shock or emotional disturbances.” Freedman v. Eastern Massachusetts St. Ry. Co., supra, @ page 88.
We are of the opinion that the plaintiff suffered a physical injury because of the negligent operation of the defendant’s automobile which was not caused solely by mental disturbance and that it was not incumbent on the plaintiff to prove that violence was visited on his body.
The case of Freedman v. Eastern Massachusetts St. Ry. Co., supra, is decisive of the case at bar.
There was no error in denying* the defendant’s request.
Report dismissed.